UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| VERMONT MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 05-158-B-S |
| NICHOLAS MANSFIELD, | ) ) | |
| Defendant. | ) ) | |

**ORDER**

Vermont Mutual Insurance Company filed a complaint for declaratory judgment on October 14, 2006.  Now pending before the Court is a motion for summary judgment filed by Vermont Mutual Insurance Company asking for a ruling that a certain coverage exclusion in two policies of insurance issued to a third party, Fred Smiley, precludes the defendant, Nicholas Mansfield, from obtaining coverage for physical injuries he sustained while clearing brush on Mr. Smiley's premises.  The exclusionary language indicates that liability coverage does not extend to bodily injury suffered by one "eligible to receive any benefits **required** to be provided by the 'insured' under any workers' compensation law."  (Mot. Summ. J. at 5-6, Docket No. 15)(emphasis added).)  The parties dispute whether the circumstances pertaining to Mansfield's brush clearing activities made him an employee, an independent contractor or even a "gratuitous provider of services," Harlow v. Agway, Inc., 327 A.2d 856, 860 (Me. 1974).  Vermont Mutual maintains that, if Mansfield qualified as Smiley's employee under Maine common law or under the definition of employee set forth in Maine's Workers' Compensation Act, 39-A M.R.S.A. § 102(11)(A), then it is entitled to judgment as a matter of law that Mansfield may not reach and

apply any insurance otherwise available through the subject policies.  (Mot. Summ. J. at 1-2, 5-6, Docket No. 15.)  In his opposition papers Mansfield contests, at length, Vermont Mutual's assertion that Mansfield was Smiley's employee, but also states that Vermont Mutual's motion must be denied because "it cannot yet be determined whether Smiley was required to provide [Mansfield with] workers' compensation coverage."  (Def.'s Opp'n Mem. at 2.)

Although the parties have thoroughly addressed the question of whether Mansfield meets the definition of "employee" under the Workers' Compensation Act and Maine common law, I conclude that the Court requires additional briefing regarding what the Act has to say about the underlying legal question of whether Smiley was "required" to obtain workers' compensation coverage for someone performing brush clearing on his personal premises.  In particular, I direct the parties to address what significance, if any, section 401(1)(A) has on that underlying question.  That section appears to negate the Act's requirement to obtain workers' compensation coverage for an employee when the employee is engaged to perform "domestic services."  The parties are instructed to provide case citations in support of their respective positions on the scope of the domestic services exception.[1]  These supplemental briefs are due on or before Friday, August 18, 2006, and will be limited to 10 pages.  The parties may submit rebuttal briefs on or before Friday, August 25, to be limited to 5 pages.  No reply memoranda are permitted.

*So Ordered.*
August 11, 2006              /s/ Margaret J. Kravchuk
                             U.S. Magistrate Judge

---

[1]   See, e.g., Fernandez v. Lawson, 71 P.3d 779, 782 (Cal. 2003) ("Generally speaking, 'household domestic service' is understood to include work both within *and* outside a residence.") (citing Catto v. Plant, 137 A. 764, 765-767 (Conn. 1927) (holding that a gardener is a "domestic servant" and stating that "ordinarily a domestic servant is one whose service is connected with the maintenance of the house and land connected with it")).